**Matter of the Petition for Naturalization of Dusan MATURA.**

United States District Court
S. D. New York.
May 14, 1956.

———◆———

Sale & Sale, New York City, for petitioner.

William J. Kenville, New York City, Morris Rifkin, Naturalization Examiner, New York City, for Immigration & Naturalization Service.

PALMIERI, District Judge.

This is a petition for naturalization under the general provisions of the Immigration and Nationality Act, 8 U.S.C.A. § 1101 et seq. The sole question presented is whether the petitioner has established good moral character during the five year period required by the Act immediately preceding the date of the petition, February 18, 1955.

The facts are substantially undisputed. The petitioner was married on January 1, 1928 in Zablace, Yugoslavia, to Danica Sunjka, with whom he had two children. Since his entry into the United States as a stowaway on April 15, 1937, he has been residing in the United States, having adjusted his immigration status by entry for permanent residence in 1946. Since December 1944, the petitioner has been living with one Rose Longo and has had three children by her. At the time this relationship began, Rose Longo was married to one Manuel Fernandez but that marital relationship was terminated by a decree of annulment on April 28, 1953 by the Supreme Court of the State of New York. Thereafter, and on August 13, 1955, subsequent to the date of filing of the petition before me, the petitioner obtained a divorce decree at Juarez, Mexico, terminating his marriage to his wife, Danica, a resident of Yugoslavia,[1] and on November 18, 1955, the petitioner and Rose Longo were married in Newark, New Jersey.

The petitioner's status was the subject of an opinion by Judge Irving R. Kaufman in In re Matura, D.C.S.D.N.Y. 1949, 87 F.Supp. 429. Although the statutory provisions which are applicable here, sections 101(f), 316(a) and 329 of the Immigration and Nationality Act, 8 U.S.C.A. §§ 1101(f), 1427(a), 1440, were not there involved, the conclusion reached was, in effect, that by abandoning his family in Yugoslavia and thereafter living with a married woman with whom he subsequently had children, the petitioner committed morally reprehensible acts which debarred him from naturalization.

The essential question presented here is whether the petitioner's legal status has been so modified in the interval as to entitle him to naturalization within the purview of the applicable statutes. I believe that it has not and that the petition must be denied. Section 316(a) of the Immigration and Nationality Act requires a showing by the petitioner "of good moral character" for "at least five years and during the five years immediately preceding the date of filing of his petition * * *." On February 18, 1955, the date on which the petition herein was filed, the petitioner was still married to his wife in Yugoslavia, his relationship to Rose Longo was a meretricious one and all that can be said in his favor is that, as of that date, the relationship of Rose Longo to Manuel Fernandez had been terminated by the annulment decree referred to.

Under section 101(f) (2) of the Immigration and Nationality Act of 1952, it is provided that no person shall be regarded as a person of good moral character who, during the period for which good moral character is required to be established, is one "who * * * has

1. Concededly, this decree was not based upon the personal appearance of the wife, service having been effected upon her by publication. There is no need for me to pass upon the validity of this decree, however, and for the purposes of this decision, it may be considered to be valid and binding even though it is subject to attack by the wife in Yugoslavia.

committed adultery * * *." I find the conclusion inescapable that as of the date of his petition, Matura was subject to this statutory sanction.

I have considered the argument of petitioner's counsel that by reason of honorable service in the United States Army during World War II, the petitioner is entitled to naturalization under Section 329(a) of the Act. However, here again, substantially the same impediment as that which I have already described, presents itself. It is clear that under that section good moral character must be demonstrated by the petitioner, at least as of the date of the filing of his petition. See Yuen Jung v. Barber, 9 Cir., 1950, 184 F.2d 491. I have already pointed out that as of that date the petitioner could not satisfy this requirement.

Accordingly, the petition is denied.